Mohamed YASSIN and Hajar Lasseri,
Plaintiffs and Appellants,

v.

John F. SCHROEDER, Hansen Lease
and Rental of Fargo, Inc.,
Defendants,

and

City of Fargo, Defendant and Appellee.

Civ. No. 900302.

Supreme Court of North Dakota.

May 7, 1991.

Mark R. Fraase of Wegner, Fraase, Nordeng, Johnson & Ramstad, Fargo, for plaintiffs and appellants.

Garylle B. Stewart of Solberg, Stewart, Boulger, Miller & Johnson, Fargo, for defendant and appellee.

LEVINE, Justice.

Mohamed Yassin and his wife, Hajar Lasseri [together, plaintiffs], appeal from an order granting summary judgment in favor of the city of Fargo. We affirm.

Yassin was injured when he was struck by a car as he walked across 19th Avenue North (the street) near the busy intersection of University Drive and 19th Avenue in Fargo. There are no crosswalks or signals for pedestrian traffic at this intersection. The street is a part of the state highway system.

The street was designed by the North Dakota Department of Transportation and is maintained by the city under the terms of two agreements between the city and the department. In the mid–1980's, the city received a request from North Dakota State University students asking that a crosswalk be installed at the intersection of 19th Avenue and University Drive. The city passed the request to the department but the department took no action.

Plaintiffs brought a civil action against the driver of the car, the rental agency that owned the car and the city. The claims against the driver and the rental agency were dismissed. The claim against the City was premised on a duty to provide and maintain signs, signals and crosswalks for pedestrian traffic across 19th Avenue

North and the failure to fulfill that duty. The City denied owing a duty and moved for summary judgment claiming that the department had sole jurisdiction over the street. The district court granted the City's motion and plaintiffs appealed.

Plaintiffs argue that under sections 40–05–02(14) and 40–05–01, NDCC, the City has statutory authority to establish pedestrian crosswalks on 19th Avenue. However, in *Ebach v. Ralston,* —— N.W.2d —— (N.D.1991) (Civil No. 900365), we held that section 40–05–02(14), NDCC, and other statutes, give the Director of the Department of Transportation exclusive control not only over the design and construction of state highways but also over the use of traffic signal lights on an urban connecting street.[1] The director is authorized to delegate a portion of this authority to cities through cooperative agreements. *Id.* Section 40–05–01, NDCC, sets out the powers of a municipal governing body and authorizes, among other things, the creation of a vehicle traffic code, the establishment of streets, sidewalks and other public ways, and the regulation of vehicle speed limits within the city's geographic limits. NDCC § 40–05–01(1), (8), (18). Nothing in this statute alters the allocation of authority between the director and cities under the statutory scheme that we interpreted in *Ebach.*

Plaintiffs' argument that the City has statutory authority to establish a pedestrian crosswalk on an urban connecting street fails for the same reason that, in *Ebach,* the City did not have authority to control a traffic signal light on an urban connecting street. Only the director has statutory authority to alter the roadway of a connecting street. *Ebach, supra.* A city can, therefore, control a traffic signal light or establish a pedestrian crosswalk on a state highway only when the director has delegated, by ageement with the City, his authority over the urban connecting street.

Plaintiffs also contend that the cooperative agreements between the department and the city vest sufficient control in the city to support their claim. The issue is, therefore, whether the cooperative agreements delegated sufficient control to the city to create a duty to Yassin.

Plaintiffs argue that the duty to provide for pedestrian safety was created by the agreements because they required, among other things, that the city, "at its own expense, maintain or cause to be maintained, such portions of the street or highway, including street lighting, traffic signals, pavement marking and signs ... *in a manner satisfactory to the Department* and Federal Highway Administration." (Emphasis added.) In addition, the agreements provided that "all signs, signals, markings and other protective structures erected on or in connection with the Project, including such of these as are installed at the sole cost and expense of the City or by others, *shall be approved by the Department."* (Emphasis added.) And, they provided that "No control measures which restrict the use of the facilities covered by this agreement will be implemented *without prior approval of the Department...."* (Emphasis added.)

It is clear that these agreements expressly reserve to the department the right to approve traffic signals, signs, signals, markings and all control measures necessary to establish crosswalks on 19th Avenue North. The City, thus, could not establish a crosswalk unless the department approved. Under the agreements, it is the department, not the city, that is vested with control over the establishment of a crosswalk.

The summary judgment dismissing plaintiffs' claim against the City is affirmed.

ERICKSTAD, C.J., and MESCHKE, GIERKE and VANDE WALLE, JJ., concur.

---

**1.** An "urban connecting street" is a portion of the state highway system within a city. *See* NDCC § 24–01–03.